IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARICO HOPKINS, \*

    Plaintiff \*

v      \*      Civil Action No. RDB-14-2782

CENTRAL MARYLAND CORRECTIONAL \*
FACILITY
     \*
    Defendant

\*\*\*\*

## MEMORANDUM

On September 2, 2014, Plaintiff filed the above-captioned civil rights complaint alleging that he was injured in the day room at the Central Maryland Correctional Facility. ECF No. 1. Specifically, Plaintiff alleges that he "slip[ped] in a puddle of water that was coming down the wall from a roof [leak]." *Id.* Plaintiff alleges that he fell and that other inmates called for help and an officer responded. He states that he was taken to the medical department and ultimately transported to the Jessup Correctional Institution for treatment of his lower back. *Id.* Plaintiff seeks unspecified compensation for his injuries. *Id.*

Under the provisions of 28 U.S.C. § 1915(e)(2), a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The instant complaint must be dismissed under this standard.

To sustain an action under 42 U.S.C. § 1983, the plaintiff must demonstrate that: (1) he suffered a deprivation of rights secured by the Constitution of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The named Defendant, "Central Maryland Correctional Facility" is not a "person" subject to suit or liability under § 1983. As such, Plaintiff's complaint is subject to dismissal.

Additionally, Plaintiff's allegations do not state a claim for cruel and unusual punishment under the Eighth Amendment. The fact that water was allowed to pool on the floor, is not evidence of deliberate indifference to Plaintiff's safety. While I am sympathetic to the pain and injury allegedly experienced by Plaintiff, his claim that he slipped and fell while incarcerated does not state a colorable 42 U.S.C. § 1983 claim.[1] His lawsuit constitutes, at most, a tort action in negligence. Such a claim does not constitute a constitutional or federal statutory violation, and thus cannot be brought in this Court pursuant to the Civil Rights Act. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Mitchell v. State of W. Va.* 554 F. Supp. 1215, 1217 (D.C. W. Va. 1983) ("A 'slip and fall,' without more, does not amount to cruel and unusual punishment.").[2]

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure

---

[1] Plaintiff is not without judicial recourse. He is free to file the appropriate tort action in State court.

[2] Courts have regularly held that slip and fall accidents do not give rise to federal causes of action under § 1983. *See, e.g., Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir.2004) (finding that standing water in prison shower did not pose substantial risk of serious harm even where inmate was on crutches and had warned prison employees that he was at heightened risk of falling); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir.1996) (finding that "an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *Marsh v. Jones*, 53 F.3d 707, 711–12 (5th Cir.1995) (finding that inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) (finding that "slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment").

to state a claim on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

A separate Order follows.

<u>  9/10/14  </u>  
(Date)

<u>               /s/                </u>  
RICHARD D. BENNETT  
UNITED STATES DISTRICT JUDGE